**IT IS SO ORDERED.**

**SIGNED THIS: April 19, 2005**

_____
**GERALD D. FINES
UNITED STATES CHIEFBANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SOMER PICKETT, | ) | Bankruptcy Case No. 04-90631 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| FIRST NATIONAL BANK OF DANVILLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 04-9028 |
| | ) | |
| SOMER PICKETT, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

This matter having come before the Court for trial on Plaintiff's Complaint to Determine Dischargeability of a Debt; the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

A creditor seeking to establish an exception to the discharge of a debt bears the burden of proof. In re Scarlata, 979 F.2d 521 (7th Cir. 1992). A creditor must meet this burden by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654 (1991). Exceptions to discharge are construed strictly against the creditor and liberally in favor of the debtor in order to effectuate the debtor's fresh start. Meyer v. Rigdon, 36 F.3d 1375 (7th Cir. 1994).

Section 523(a)(6) of the Bankruptcy Code provides as follows:

(a)   A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt - . . .

(6)   for willful and malicious injury by the debtor to another entity or to the property of another entity;

In Kauaauhau v. Geiger, 523 U.S. 57; 118 S.Ct. 974 (1998), the United States Supreme Court addressed a split in the Circuit Courts regarding the proper interpretation of the term "willful" under § 523(a)(6). The Supreme Court found that debts caused by negligent, reckless conduct are dischargeable, whereas debts arising from intentional torts are not dischargeable. In reaching this holding, the Supreme Court noted: "Intentional torts generally require that the actor intend the consequences of an act, not simply the act itself." While the Supreme Court addressed the definition of the term "willful," it did not define the intent necessary to constitute willful conduct. This Court finds that the intent necessary to constitute willful conduct was aptly defined in the case of In re Cox, 243 B.R. 713 (Bankr. N.D. Ill. 2000, in which the Court found:

. . . that a debt would be non-dischargeable, under § 523(a)(6), where a creditor demonstrated by a preponderance of the evidence either that the debtor desired to cause the injury complained of, or that the debtor believed that harmful consequences were substantially certain to result from the debtor's acts.

The Cox Court further went on to reiterate the long-standing definition of "malicious injury" as being one under which the debtor acts with a conscious disregard of one's duties or acts without just cause or excuse. See: In re Thirty Acre, 36 F.3d 697 (7th Cir. 1994). The Cox

2

Court further went on to state that maliciousness does not require ill will or specific intent to do harm. <u>In re Arlington</u>, 192 B.R. 494 (Bankr. N.D. Ill. 1996).

In considering the testimony of the witnesses at trial, the Court finds that the witnesses for Plaintiff were credible. The Court also finds that the Defendant/Debtor was a credible witness. In order for the Court to determine that the debt at issue is non-dischargeable under the provisions of 11 U.S.C. § 523(a)(6), it is essential that the Court conclude that the debt resulted from the Defendant/Debtor's acts. Based upon the credible testimony of the witnesses, both for the Plaintiff and Defendant/Debtor, the Court concludes that, while it is possible that the Defendant/Debtor committed the acts complained of, the Plaintiff has failed to show that it was more probable that the Debtor was the perpetrator of the alleged theft than any other of the numerous bank employees who had access to the missing money. This being the case, the Court is unable to find that the Plaintiff has met its burden of proof by a preponderance of the evidence that the Defendant/Debtor is guilty of any act, let alone a willful and malicious act. While it is true that the Plaintiff Bank had policies in place to limit access to its vault, the evidence at trial clearly established that those policies were not followed on a regular basis. As a result, any number of Bank employees had unfettered access to the vault area from which money was taken.

In further support of its claim that the Defendant/Debtor was responsible for missing money, the Plaintiff points to certain transactions where the Defendant/Debtor made cash deposits into her checking account at the Bank and made cash payments on loans with the Bank. The Court found the Defendant/Debtor's explanation as to these transactions to be credible. Although, in hindsight, under the circumstances of this case it would be reasonable for the Plaintiff to be suspicious of these cash transactions, the Plaintiff failed to produce sufficient evidence to outweigh the plausible explanations as to these transactions offered by the Defendant/Debtor.

In addition to proceeding under 11 U.S.C. § 523(a)(6), Plaintiff has also proceeded under 11 U.S.C. § 523(a)(4), seeking to have the debt in question declared as non-dischargeable for fraud or defalcation of the Debtor while acting in a fiduciary capacity or for an act by the Debtor of embezzlement or larceny.  As with the proof required under § 523(a)(6), § 523(a)(4) requires proof by a preponderance of the evidence that the debt in question arose as a result of an action of the Debtor.  As set out above, the Court must conclude that Plaintiff has failed to meet its burden of proof by a preponderance of the evidence that it was the Debtor's actions that caused the loss in question.  This being the case, the Court is unable to find in favor of the Plaintiff under the provisions of 11 U.S.C. § 523(a)(4).

###